UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES., et al., )<br><br>Defendants. ) | Civ. No. 07-2010(PLF) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, United States of America, substituted for Unity Health Care, Inc. ,[1]

respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1) & (6), to dismiss the Complaint because

Plaintiff has failed to exhaust his administrative remedies as required to go forward with a claim

under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA").  In support of this

Motion, Defendant refers the Court to the accompanying memorandum of points and authorities.

---

[1] Plaintiff initiated this action by filing a Complaint in the Superior Court for the District of Columbia on June 5, 2007, naming "the Government of the District of Columbia and the D.C. Department of Corrections" as defendants. Plaintiff then filed a Motion to Amend the Complaint and Supplement the Pleadings by adding Unity Health Care, Inc. as a defendant, and D.C. Superior Court Judge Ronna Beck granted plaintiff's motion on August 7, 2007.  By operation of statute, Unity has been deemed to be an employee of the United States of America for purposes of liability under the Federal Tort Claims Act.  Accordingly, on November 6, 2007, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c), the United States removed the case from Superior Court and the United States of America was substituted for Unity as a defendant.

A proposed Order consistent with this Motion also is attached.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI D.C. Bar #423587
Assistant United States Attorney
555 4th St., N.W. Room E4218
Washington, D.C.  20530
202-514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNY RAY CHANDLER,           )
                               )
              Plaintiff,        )
                               )
       v.                      )        Civ. No. 07-2010(PLF)
                               )
UNITED STATES., et al.,         )
                               )
              Defendants.       )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Johnny Ray Chandler brings this lawsuit alleging medical malpractice in connection with care he received at Unity Health Care, Inc. ("Unity") after sustaining a fall at D.C. Jail. Plaintiff initiated this action by filing a Complaint in the Superior Court for the District of Columbia on June 5, 2007, the District of Columbia and the D.C. Department of Corrections as defendants. The Complaint, the first page of which indicating the date of filing, is attached as Exhibit A. Plaintiff subsequently moved to amend the Complaint by adding Unity Health Care Services as a defendant, alleging negligence in the treatment of his injuries. Plaintiff's "Memorandum of Point and Authorities in Support of Plaintiff's Motion to Amend the Complaint and Supplement the Pleadings" ("Motion to Amend") is attached as Exhibit B. On August 7, 2007, the Court granted Plaintiff's motion, thus adding Unity Health Care, Inc. as a party defendant. The Court's Order Granting Motion to Amend the Complaint and Supplement the Pleadings is attached as Exhibit C. By operation of statute, Unity has been deemed to be a employee of the United States of America for purposes of liability under the Federal Tort Claims Act. Accordingly, on November 7, 2007, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. §

233(c), the United States removed the case from Superior Court and the United States of America was substituted for Unity as Defendant. Since Plaintiff has not exhausted his administrative remedies, as is required to go forward with an FTCA claim against the federal government, Plaintiffs' Complaint must be dismissed.

## STATEMENT OF FACTS

On October 5, 2006, Plaintiff, a prisoner at D.C. Department of Corrections Central Detention Facility (D.C. Jail), alleges that he fell from a bunk bed in his cell and injured his neck and back. Compl. at p.1. After his fall, Plaintiff was taken to Unity Health Care for treatment. Memorandum in Support of Motion to Amend Complaint and Supplement the Pleadings ("Motion to Amend") at p.1.

The United States Department of Health and Human Service's Bureau of Primary Health Care, in accordance with Section 224(h) of the Public Health Service Act, 42 U.S.C. § 233(h), as amended, has deemed defendant Unity Health Care, Inc. to be an employee of the federal government for purposes of medical malpractice liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). See 42 U.S.C. § 233(a), (b), (g) (exclusiveness of remedy against United States for those deemed Public Health Service employees).

Plaintiff claims that Unity was negligent in allegedly not providing him with pain medication for injuries allegedly sustained in his fall. Motion to Amend at p. 1. Plaintiff seeks $135,000.00 for pain and suffering. See generally Compl. Plaintiff initiated this lawsuit on July 5, 2007 by filing a Complaint in the Superior Court for the District of Columbia. Ex. A. On August 7, 2007, the Court granted Plaintiff's Motion to Amend the Complaint and Supplement

2

the Pleadings,  thus adding Unity Health Care, Inc. as a party defendant.  Exhibit C.  Because

Unity Health Care Inc. has been deemed to be an employee of the federal government for

purposes of medical malpractice liability protection under the  FTCA, any administrative tort

claims against it would be filed with the Department of Health and Human Services (HHS).

Exhibit D, Declaration of Meredith Torres Bruckheim. at  ¶ 2.  A search of the relevant HHS

Claims Branch's database found no record of an administrative tort claim filed by Plaintiff or his

authorized representative relating to Unity Health Care, Inc. Id. at  ¶ 4. [2]  Unity Health Care, Inc.,

was deemed to be eligible for FTCA coverage effective January 4, 1994.  Id. at ¶ 5.  Unity's

eligibility for FTCA coverage has continued uninterrupted since that time.  Id.  On November 7,

2007, the United States removed the case to this Court.

> For the reasons set forth below, the Complaint should be dismissed.

## Argument

I.    This Court Does Not Have Jurisdiction over Plaintiff's Claims Because, as of the
      Date of the Filing of the Complaint, Plaintiff had not Presented an Administrative
      Claim to the Department of Health and Human Services and Because the
      Department had not Denied the Claim nor had Plaintiff Allowed the Department
      180 Days to Process the Claim.

> Sovereign immunity bars all suits against the United States except in accordance with the

explicit terms of statutory waiver of such immunity.  United States v. Nordic Village, Inc., 503

---

[2]    Defendant submits attachments in support of this Memorandum for the limited purpose of
allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims.  It is
well-established that when a defendant challenges the substance of the jurisdictional allegations
it may use extraneous evidence to test those allegations without converting the motion into a
summary judgment motion.  See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v.
National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Bonterra America, Inc. v.
Bestmann, 907 F. Supp. 4, 5 n.1 (D. D.C. 1995); see also Holt v. United States, 46 F.3d 1000,
1002-03 (10th Cir. 1995).

U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must

be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95

(1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan,  424 U.S.

392, 399 (1976).  A waiver of sovereign immunity must be clear and unequivocal and must be

strictly construed in favor of the sovereign.  Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing

Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S.

680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995)

("the statutory waiver provision must unambiguously establish that it extends to the award of

money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990)

("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be

narrowly construed").  The construction of the statute favoring the sovereign must be followed as

long as it is "plausible."  Nordic Village, 503 U.S. at 37.

    Because the United States has not waived its sovereign immunity in situations where a

plaintiff has failed to comply exactly with the provisions governing administrative tort claims,

this suit must be dismissed.  Plaintiff did not filed an administrative claim with the HHS.  Exhibit

D, Bruckheim Decl. at ¶4.   Plaintiff's failure to properly adhere to the FTCA's administrative

claim requirements is fatal.

    The FTCA defines the terms upon which the United States may be sued and "absent full

compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort

claims against it."  GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis

added).  28 U.S.C. § 2675(a) reads as follows:

    An action shall not be instituted upon a claim against the United States for money

4

damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing.

(emphasis added).[3]  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  <u>McNeil v. United States</u>, 508 U.S. 106, 111 (1993).  "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command."  <u>Id</u>. at 112.  As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver."  <u>Hohri</u>, 782 F.2d at 245; <u>see</u> <u>also</u> <u>United States v. Kubrick</u>, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); <u>Schuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); <u>Schneider v. Kissinger</u>, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

     Plaintiff filed this lawsuit without first presenting administrative claims to HHS and thus,

---

[3]    The statute goes on to allow the Department 180 days in which to consider the administrative claim.  <u>Id</u>.  Additionally, all administrative claims must be presented to the agency within two years  of the time the claim "accrues." 28 U.S.C. § 2401(b); <u>see</u> <u>also</u> <u>Hohri v. United States</u>, 782 F.2d 227, 246 n.48 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).

necessarily prior to those claims having been denied by HHS.  This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "<u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing."  28 U.S.C. § 2675(a).  Therefore, this Court is without jurisdiction over Plaintiff's claims against the United States and the Complaint should be dismissed as to that defendant.  <u>Id</u>.

## <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed against the United States..

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI,   Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. – Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for Unity Health Care, Inc.

<u>CERTIFICATE OF SERVICE</u>

       I certify that on December 14, 2007, I caused copies of the foregoing Motion to Dismiss to be served by first class mail upon:

Johnny Ray Chandler, Sr.
Fed. Reg. No. 11977-007
FCC Petersburg-Medium
P.O. Box 90043
Petersburg, VA 23804-9003

George Rickman, Esq.
Attorney General for the District of Columbia
441 4th Street NW
Washington, DC 20001

_____
ALEXANDER D. SHOAIBI
Assistant United States Attorney

7

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Johnny Ray Chandler, Sr
Fed. Reg. No. 11977-007
FCC Petersburg - Medium
P.O.Box 90043
Petersburg, Va. 23804

FILED
CIVIL ACTIONS BRANCH
JUN 0 5 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Plaintiff WASHINGTON, DC

vs.

C16

0004230-07

CIVIL ACTION No. _____

vs.

District of Columbia Government (2)
Mr. Adrian M. Fenty (Mayor)
1350 Penn. Ave., N.W.
Washington, D.C. 20001 **Defendants**

The D.C. Department of Correction
Office of General Counsel
1923 Vermont Ave., N.W.
Suite N-122
Washington, D.C. 20001

Serve: Ms. Gale Rivars
Ms. Tabatha Braxton
600 South 4414th St. N.W. (D.C. Attorney General)

**COMPLAINT** Serve: Ms. Maria Amato

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

This complaint is against the Government of the District of Columbia and the D.C. Dept. of Corrections, For the Tort of "Negligence and personal injury. I am a prisoner of the District of Columbia. On October 5, 2006, While housed at the D.C. Dept. of Corrections Central Detention Facility(D.C. Jail). I fell and seriously injuried my neck and my lower back At the Detention Facility (Jail) they have Bunkbeds in all of the cells, in all of the Housing Units. If the D.C.

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $135,000.00** with interest and costs.

Continued on Attached Page

**DISTRICT OF COLUMBIA, SS**

Phone: _____

Johnny Ray Chandler , being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

Case: 2007 CA 004230 B

(Plaintiff) Johnny Ray Chandler

(Agent)

Subscribed and sworn to before me this __22nd__ day of __March__ 20 07.

Tammy L Bayes
(Notary Public/Deputy Clerk)

My Commission Expires 11-30-09

GOVERNMENT
EXHIBIT
A

District of Columbia

0004230-07

Johnny Ray Chandler, Sr.

Plaintiff

V.

Adrian M. Fenty, et al.,

Defendants.

## Certificate of Claims

I, Plaintiff Johnny Ray Chandler, hereby certify that the following claim is neither frivolous or harassing. Also, I certify that this claim has never before been raised or disposed of on it's merits.

Respectfully Submitted,

Johnny Ray Chandler

April 16, 2007

Complaint
(Continued)

0001230-07

Government had ladders at the jail. I never would have fallen and injured my neck and my back. Moreover the Department of Corrections is a subsidary Agency of the D.C. Government and the D.C. Government is liable for the actions of all it's agencies and employees thereof.

## Relief Sought

As relief and settlement of this claim, I, respectfully, move this court to award me the following relief:

1 $135,000.00 for pain and suffering plus negligence

2. Injunctive Order: Ordering that ladders be put in every cell at the D.C. Detention facility,

Johnny Ray Chandler

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

Johnny Ray Chandler, Sr.                 :
                                         :
              Plaintiff,                 :
                                         :
       VS.                               : Civil Action No. 4230-ca-07 (R.L.B.)
                                         :
District Of Columbia, et al.,            :
                                         :
              Defendants.                :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND SUPPLEMENT THE PLEADINGS

A.                        INTRODUCTION

   Here, in this instant Complaint which is presently pending before the Court. Plaintiff moves this Court to accept his amendment to the Complaint. In this Amendment, Plaintiff moves this Court to allow him to enclude the medical service at the D.C. Jail UNITY HEALTH CARE SERVICES. A Contract Health Service of the District of Columbia.

   By Unity Health Care Services being under Contract with the District of Columbia. That makes them a Subsidurary Agency of the District of Columbia.

B.                      STATEMENT OF FACTS

   As plaintiff stated in his Initial Complaint. On October 5, 2006, as a direct result of the negliegence of the D.C. Department of Corrections and the Government of the District of Columbia. I fell and injuried my neck and my lower back trying to get up on the top bunk at the D.C. Jail. After falling I was taken to the Medical Dept. I was not given any medication for pain. I was not given any pain medication until almost one month after the injury. Therefore, the staff of Unity Health Care were negliegent in treating my injuries.

   Wherefore, in the interest of Justice. I, Plaintiff, Johnny ray Chandler,Sr. respectfully move this Court to accept his Amendment to to above Complaint

                                Respectfully Submitted,
                                Johnny Ray Chandler, Sr.
                                Fed. Reg. No. 11977-007

                                    2.

GOVERNMENT EXHIBIT B

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHNNY RAY CHANDLER, Sr.,                    )     CASE NO.  2007 CA 004230 B
                                             )
                    Plaintiff(s),            )     CALENDAR 8
                                             )
vs                                           )     JUDGE RONNA LEE BECK
                                             )
DISTRICT OF COLUMBIA, et al.,                )
                                             )
                    Defendant(s).            )

### ORDER GRANTING MOTION TO AMEND THE COMPLAINT AND
### SUPPLEMENT THE PLEADINGS

Before the court is plaintiff's motion to amend the complaint and supplement the

pleadings.  Plaintiff seeks to add an additional party, Unity Health Care Inc.[1]  Super. Ct. Civ.

R. 15(a) provides that a plaintiff may amend the party's pleading once as a matter of course at

any time before a responsive pleading is served.  The plaintiff has not amended his complaint

previously, and no responsive pleading to the complaint has yet been filed.

Plaintiff has been authorized to proceed *in forma pauperis*.  As a result, the court has

some responsibility in connection with service of process on the defendants.  Super. Ct. Civ. R.

54 II, *Herbin v. Hoeffel*, 727 A.2d 883 (D.C. 1999).  Consequently, the undersigned judge's

assistant contacted Unity Health Services, Inc. and spoke with Molly Evans, in-house counsel,

who represented that she was authorized to agree to accept service of process by mail.[2]

Accordingly, it is this ⁷ᵗʰ day of August, 2007, hereby

**ORDERED** that plaintiff's motion to amend his complaint and to include Unity Health

Care, Inc. as a party defendant is **GRANTED;**

---

[1] Plaintiff asked to add Unity Health Care Services, but the organization's correct name appears to be Unity
Health Care, Inc.

[2] The court is very appreciative of the co-operation of Unity Health Services, Inc. and Ms. Evans in this regard.


GOVERNMENT
EXHIBIT

DOCKETED IN CHAMBERS  AUG 0 7 2007

MAILED FROM CHAMBERS  AUG 0 7 2007



FURTHER ORDERED that for service or process on Unity Health Care, Inc., the court is mailing a copy of this order, along with a copy of the summons and complaint to:

> Unity Health Care, Inc.
> 3020 14th Street, NW, Suite 401
> Washington, DC 20009
> **Attn: Molly Evans**

FURTHER ORDERED that by September 14, 2007, Unity Health Care, Inc. shall file its answer;

FURTHER ORDERED that the District of Columbia is directed to answer the complaint by September 14, 2007, as well. To save the court additional efforts, the court sincerely hopes that the District of Columbia will not challenge service of process in this case. Although plaintiff apparently already attempted to serve the District of Columbia, the court is enclosing a copy of the summons and complaint with the District of Columbia's copy of this order, for the District of Columbia's convenience. If the District of Columbia is challenging service of process, it is directed to notify the undersigned judge's assistant, Sharon Grabner (202-879-1162), immediately.

FURTHER ORDERED that this case is scheduled for an initial scheduling hearing on September 28, 2007, at 9:30 a.m. in courtroom 518.

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

2

**Copies mailed from chambers to:**

Johnny Ray Chandler, Sr.
Fed. Reg. No. 11977-007
FCC Petersburg-Medium
P.O. Box 90043
Petersburg, VA  23804-9003
*Plaintiff Pro Se*

Linda Singer, Esq.
Attorney General for the District of Columbia
441 4th Street NW
Washington DC 20001

Unity Health Care, Inc.
3020 14th Street, NW, Suite 401
Washington, DC  20009
Attn: Molly Evans

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Johnny Ray Chandler, Sr., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. |
| | ) |
| District of Columbia, Unity Health | ) |
| Care, Inc., et al., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

DECLARATION OF
MEREDITH TORRES BRUCKHEIM

1. I am an Attorney in the General Law Division, Office of the General Counsel,

Department of Health and Human Services (the "Department"). I am familiar with the official

records of administrative tort claims maintained by the Department as well as with the system by

which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a

record of administrative tort claims filed with the Department, including those filed with respect

to federally supported health centers that have been deemed to be eligible for Federal Tort

Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to

Unity Health Care, Inc., f/k/a Health Care for the Homeless, Inc., its approved delivery sites, or

its employees or qualified contractors, a record of that filing would be maintained in the Claims

Branch's database.



-2-

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Johnny Ray Chandler, Sr., or his authorized representative relating to Unity Health Care, Inc.

5. I have also reviewed official agency records and determined that Unity Health Care, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 1994, and that its coverage has continued without interruption since that time. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Unity Health Care, Inc., are attached to this declaration as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this *10th* day of *October*, 2007.

*Meredith Torres-Bruckheim*

MEREDITH TORRES BRUCKHEIM
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Rockville MD 20857

NOV 23 1993

Mr. Vincent A. Keane
Executive Director
Health Care for the Homeless Project, Inc.
1234 Massachusetts Avenue, N.W.
Suite C1009
Washington, D.C. 20005

Dear Mr. Keane:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the
Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported
Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to
be an employee of the Federal Government for the purposes of Section 224. Under
Section 224(a), the remedy against the United States provided under the Federal Tort
Claims Act (FTCA) for medical and related functions performed by commissioned
officers or employees of the PHS while acting within the scope of office or employment,
shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this
"FTCA coverage" to the grantees that have been deemed covered under Section 224(h)
and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on September 23, 1993, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of
malpractice; (2) implementation of a system whereby professional credentials, references,
claims history, fitness, professional review organization findings, and licensure status of
its health professionals are reviewed and verified; (3) cooperation with the Department of
Justice (DOJ) in the defense of claims (including access to all pertinent documents and
patient information and records) and actions to assure against claims in the future; and
(4) cooperation with the DOJ in providing information related to previous malpractice
claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this
grantee who are physicians or other licensed or certified health care practitioners and
who are providing services under the scope of activities covered by the project funded
through its Section 329 (migrant health centers), Section 330 (community health centers),
Section 340 (health services for the homeless), or Section 340A (health services for
residents of public housing) grant(s) are also deemed to be employees of the Federal
Government for the purposes of Section 224, as are part-time contractors who are
licensed or certified providers of obstetrical services and whose individual medical

| OFFICE | SURNAME: | DATE | OFFICE | SURNAME: | DATE | OFFICE | SURNAME: | DATE |
|--------|----------|------|--------|----------|------|--------|----------|------|
| DCMH | STINSON | 11/22 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Exhibits—1

*U.S. GPO: 1989-618-661*

Page 2 - Mr. Vincent A. Keane

malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

Page 3 - Mr. Vincent A. Keane

The effective date of eligibility for FTCA malpractice coverage is January 1, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Martin Bree, J.D., FTCA Coordinator, Region III at (215) 596-6653.

Sincerely yours,

/s/ PHILLIP P. KILLAM

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region III, GMO BPHC, DOJ



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

SEP 16

Health Resources and
Services Administration
Bethesda MD 20814

Vincent Keane
Executive Director
Unity Health Care, Inc.
3020 14th Street, N.W.
Washington, D.C.  20010

Reference:  Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section
224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as
amended by the Federally Supported Health Centers Assistance
Act of 1995 (Public Law 104-73), deemed the Health Care for
the Homeless to be an employee of the Federal Government,
effective October 1, 1996, for the purposes of malpractice
liability protection under the Federal Tort Claims Act (FTCA).

Although the above referenced entity has undergone a legal
name change to the "Unity Health Care, Inc." the requirements
and protection pursuant to section 224 remain in effect under
the new corporate name.

If there are any questions, please contact Susan Little, FTCA
Coordinator, Philadelphia Field Office at (215) 861-4364.

Sincerely yours.

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Associate Administrator



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

Mr. Vincent Keane
Executive Director
Health Care for the Homeless, Inc.
3020 14th St., N.W.
Washington, District of Columbia  20010

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective October 1, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Health Resources and Services Administr

Rockville, Maryland 2

Vincent Keane, Executive Director
Unity Health Core, Inc.
UDS # 037020
3020 14th Street, N.W.
Washington, DC 20009-6865

Reference:  Malpractice Liability Coverage -- Renewal health center deeming letter
              Coverage effective on January 1, 2005 through December 31, 2005

Dear Mr. Keane:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health
Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act,
42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance
Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an
employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical
malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate
policies and procedures to reduce the risk of malpractice; (2) implementation of a system
whereby professional credentials and privileges, references, claims history, fitness,
professional review organization findings, and licensure status of health professionals are
reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the
defense of claims and actions to prevent claims in the future; and (4) cooperation with
DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full and part time
health center employees; (4) licensed or certified health care practitioner contractors
(who are not corporations) providing full-time services (i.e., on average at least 32 ½
hours per week); and (5) licensed or certified health care practitioner contractors (who are
not corporations) providing part-time services in the fields of family practice, general
internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither
employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2 – Vincent Keane, Executive Director

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://bphc.hrsa.gov/pinpals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

A. Michelle Snyder
Associate Administrator

Enclosure

**DEPARTMENT OF HEALTH & HUMAN SERVICE**

Health Resources and Services
Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 1 9 2005

Vincent A. Keane
Executive Director
Unity Health Care Inc.
UDS # 037020
3020 14th Street, NW
Washington, DC 20009-6865

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2006 through December 31, 2006

Dear Executive Director:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health
Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act,
42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance
Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee
of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability
coverage, effective January 1, 2006.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate
policies and procedures to reduce the risk of malpractice; (2) implementation of a system
whereby professional credentials and privileges, references, claims history, fitness,
professional review organization findings, and licensure status of health professionals are
reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the
defense of claims and actions to prevent claims in the future; and (4) cooperation with
DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full and part time
health center employees; (4) licensed or certified health care practitioner contractors
(who are not corporations) providing full-time services (i.e., on average at least 32 ½
hours per week); and (5) licensed or certified health care practitioner contractors (who are
not corporations) providing part-time services in the fields of family practice, general
internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither
employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

A. Michelle Snyder
Associate Administrator

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNY RAY CHANDLER,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　)　　Civil No. 07-2010 PLF
　　　　　　　　　　　　　　　　)
UNITED STATES, et al.,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)
_____)

**<u>ORDER</u>**

　　　　UPON CONSIDERATION of Defendant's Motion to Dismiss,  any opposition thereto, and the record herein,  it is this _____ day of _____, 2007,

　　　　ORDERED, that the motion be, and hereby is, GRANTED, and that plaintiff's complaint against the United States IS DISMISSED with prejudice.

_____
United States District Court Judge