UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:07-cv-02010 |
| v. ) | Assigned To: Judge PLF |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DISTRICT OF COLUMBIA'S MOTION
TO VACATE DEFAULT AND REQUEST FOR SANCTIONS

Defendant, District of Columbia ("District"), by and through counsel, pursuant to Fed. R. Civ. P. 55(c), 60(b), and 41(b), files this Motion to Vacate Default and Request for Sanctions, stating:

1. The Clerk of this court entered a Default against the District for failure to plead or otherwise defend this action though duly served pursuant to order filed on September 18, 2007 in the Superior Court and an affidavit on behalf of the Plaintiff filed on March 6, 2008.

2. Plaintiff's affidavit is misleading in several respects. In the affidavit Plaintiff claims the District's responsive pleading was due on or before September 18, 2007. However, Plaintiff was present at a hearing on September 28, 2007 where Judge Beck issued an oral order extending the time for the District to file a response until October 15, 2007. In his affidavit, the Plaintiff claims that the District has not filed a responsive pleading to this date. However, Plaintiff was present at a hearing on November 2, 2007 where his motion for default was denied by Judge Beck since the

District had filed a request for enlargement of the October 15, 2007 date and filed its responsive pleading on October 31, 2007.

3. Despite having received the District's responsive pleading on or about October 31, 2007, and again from undersigned counsel on or about February 5, 2008[1], Plaintiff filed a false affidavit with the clerk indicating that the District had not responded to the complaint.

4. Plaintiff is in possession of the Superior Court docket entries which clearly indicate that the District filed an answer to the complaint on October 31, 2007. See *Superior Court Docket Entries* attached as Exhibit #1. Indeed, Plaintiff attached the docket entries to his reply to the District's opposition to his motion for default filed on January 18, 2008.

5. Plaintiff's filing a false affidavit warrants this Court imposing the sanction of dismissal in order to discourage similar behavior in the future by the Plaintiff.

6. The District filed a responsive pleading in the Superior Court. The pleading was accepted by that court. The court informed all parties that any motion for default filed by the Plaintiff was denied. See *Superior Court Docket Entries* attached as Exhibit #1. Thus, the Superior Court has already ruled on the issue of default in favor of the District.

7. Pursuant to Fed. R. Civ. P. 81, once a case is removed from a state court to the United States District Court re-pleading is unnecessary unless the court orders otherwise. This court has not ordered the defendants to re-plead.

---

[1] Plaintiff filed a motion for default against the District in this court for the District's failure to respond to the amended complaint. The District filed a timely response to the motion on February 5, 2008 and mailed a copy to Plaintiff. The District's response included a copy of the answer to the amended complaint as an exhibit. Plaintiff's motion is pending before this court.

8.  For reasons more fully explained in the District's memorandum in support of this motion to vacate default.

**WHEREFORE**, Defendant, the District of Columbia, prays this court vacate the default entered against it, order the Plaintiff to pay the District's attorney fees for having to respond to the Default after Plaintiff filed a false affidavit to secure the Default, enter an order dismissing the Plaintiff's claims against the District, with prejudice, and grant such further relief as the nature of this cause shall require.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS[2]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>    Defendants. )<br>_____) | Case No.: 1:07-cv-02010<br>Assigned To: Judge PLF |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO VACATE DEFAULT AND REQUEST FOR SANCTIONS

Defendant, District of Columbia, by and through counsel, pursuant to Fed. R. Civ. P. 55(c), 60(b), and 41(b) files this Memorandum in Support of Motion to Vacate Default and Request for Sanctions, stating:

**ARGUMENT**

**a.  The Clerk of the Court has been misled to believe that the District failed to plead or defend this case.  On the contrary, the District filed a responsive pleading in the Superior Court.**

On March 6, 2008 Plaintiff filed a false and misleading affidavit with the Clerk of the Court indicating that the Superior Court had given the District until September 18, 2008 to respond to the complaint and indicating that the District has failed to respond to the complaint to the present date.  See *Plaintiff's Affidavit in Support of Default* attached hereto as Exhibit #4.  On March 7, 2008, the Clerk of this court entered a default against the District of Columbia for failure to plead or otherwise defend this action.  Plaintiff's affidavit is factually inaccurate and Plaintiff has not exercised candor with this Court or the Clerk of the Court.  Plaintiff's affidavit failed to make reference to the two (2) scheduling conferences he attended by telephone in the Superior Court.  See *Superior Court Docket Entries* attached as Exhibit #1.  At the scheduling

4

conference on September 28, 2007, Judge Beck ordered that the District respond to the amended complaint by October 15, 2007. See *Superior Court Docket Entries.*  Counsel for the District filed a motion to enlarge the time to file an answer on October 15, 2007 and filed an answer to the amended complaint on October 31, 2007.  See *Superior Court Docket Entries; see also District's Answer to Amended Complaint* attached as Exhibit #2.  At the subsequent scheduling conference on November 2, 2007 Judge Beck ruled that "any motions for default filed for Plaintiff are denied." See *Superior Court Docket Entries* attached as Exhibit #1.  Plaintiff received at least two copies of the District's Answer to his amended complaint yet he fails to acknowledge receiving any.  Plaintiff received a copy of the answer when it was initially filed in the Superior Court, on or about October 31, 2007, and again from undersigned counsel on or about February 5, 2008 as an exhibit to the District's opposition to Plaintiff's Motion for Default filed on January 18, 2008, currently pending before this court.

     Fraud, whether intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party are express grounds for relief by motion under amended subdivision (b) to Fed. R. Civ. P. 60. *Fiske v. Buder,* 125 F.2d 841 (8th Cir, 1942); see also *Bucy v. Nevada Construction Co.,* 125 F.2d 213 (9th Cir. 1942).  The amendment makes fraud an express ground for relief by motion. See *Moore and Rogers, Federal Relief from Civil Judgments*, 1946, 55 Yale L. J. 623, 653-659; 3 Moore's Federal Practice, 1938, 3267 et seq.  In the case *sub-judice* the Plaintiff made several false and misleading statements in an affidavit he filed with the court.  As a result of the misleading statements made by Plaintiff in the affidavit, the clerk of the court entered a default against the District.  Plaintiff's actions have wasted this Court's time as well as the time of counsel for the District in responding to the Default entered against it.  Rule 55(c) and 60(b) empower this court to vacate a default entered against a party in the case of fraud or

misrepresentation. Since Plaintiff misrepresented the facts in order to secure a default in this case, the default must be vacated.

**b.    The Court should sanction the Plaintiff for filling a false affidavit, which was disrespectful to the court, to deter similar misconduct in the future.**

When the Federal Rules do not provide courts with sufficient authority to protect the integrity of the judicial system and prevent abuses of the judicial process, courts have the inherent power to impose sanctions for abusive litigation practices undertaken in bad faith. See *Michele Shepherd, et al. v. American Broadcasting Companies, Inc.*, 314 U.S. App. D.C. 137 (1995). These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) *quoting Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)). Because its inherent judicial power "must be exercised with restraint and discretion,", a district court may use such power to enter a sanction as severe as dismissal or default judgment only if it finds, first, that there is clear and convincing evidence that the fraudulent or bad faith misconduct occurred, and second, that a lesser sanction "would not sufficiently punish and deter the abusive conduct while allowing a full and fair trial on the merits." *Chambers v. NASCO, Inc.*, 501 U.S. at 44; see also *Shepherd v. American Broadcasting Co.*, 62 F.3d at 1472 (default judgment reversed because district court had made neither of these findings).

The court of appeals has provided guidance on the use of the sanction of dismissal or default judgment by articulating three possible (although not mandatory) justifications for dismissal as a sanction for misconduct, regardless of whether the court bases its decision on the Federal Rules or its inherent power. *See Webb v. District of Columbia*, 331 U.S. App. D.C. 23, 146 F.3d 964, 971 (D.C. Cir. 1998). Under *Webb*, such sanctions are justified when: (1) the other

party has been "so prejudiced by the misconduct that it would be unfair to require [the party] to proceed further in the case," (2) the party's misconduct has put "an intolerable burden" on the court by requiring the court to modify its own docket and operations in order to accommodate the delay, or (3) the court finds it necessary "to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Id*. at 971; *see also Butera v. District of Columbia*, 344 U.S. App. D.C. 265, 235 F.3d 637, 661 (D.D. Cir. 2001).  Plaintiff in this case filed an affidavit which clearly misrepresented the date on which the District was required to file a responsive pleading, claiming the District had until September 18, 2007.  Plaintiff was present by telephone at a conference with Judge Beck where the Judge extended the time for filing a responsive pleading until October 15, 2007.  Further, Plaintiff is aware that the District filed a subsequent motion to enlarge the October 15, 2007 date and filed a responsive pleading on October 31, 2007.  Plaintiff is in possession of the Superior Court docket entries which clearly indicate that the District filed an answer to the complaint on October 31, 2007.   Indeed, Plaintiff attached the docket entries to his reply to the District's opposition to his motion for default filed on January 18, 2008.  Plaintiff has been served with the District's Answer on two separate occasions including once by undersigned counsel.  Plaintiff was present by telephone at a conference held on November 2, 2007 where Judge Beck denied his motion for default.  There is clear and convincing evidence that Plaintiff intentionally misled the Clerk in filing his affidavit. Plaintiff's conduct in filing a false affidavit clearly falls within the third justification for the court to impose the extraordinary sanction of dismissal.  Plaintiff's actions are disrespectful to the court and, if the court does not act decisively, Plaintiff will continue to misrepresent facts before the court.

Plaintiff has already been deemed a prolific filer by Order of this Court dated March 10, 1995. See *Copy of Order of Judge Richard Roberts* attached as Exhibit #3 referring to the March 10, 1995 order identifying Plaintiff as a prolific filer. He has now filed a false affidavit with the Clerk of this Court, compelling the District to file a Motion to Vacate the Default entered against it. The Order of Default should be lifted as Plaintiff's affidavit supporting the Default is disingenuous, false and misleading to the Court. Additionally, the court should enter an order sanctioning the Plaintiff for misleading the court.

## Conclusion

**WHEREFORE**, for the foregoing reasons, and the entire record in this case, defendant requests that the Default be Vacated, that the court order the Plaintiff to pay the District's attorney fees for having to respond to the Default after Plaintiff filed a false affidavit to secure the Default, that the court enter an order dismissing the Plaintiff's claims against the District, with prejudice, and that the court grant such further relief as the nature of this cause shall require.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS[3]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
darrell.chambers@dc.gov

---

[3] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY RAY CHANDLER )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>    Defendants. )<br>_____) | Case No.: 1:07-cv-02010<br>Assigned To: Judge PLF |

CERTIFICATE OF SERVICE

This certifies that on the 18th day of MARCH, 2008, a true and correct copy of the foregoing District's Motion to Vacate Default and Request for Sanctions was mailed first class, postage pre-paid, to: **Johnny Ray Chandler #11977-007, U.S.P. Allenwood, P.O. Box 3000, White Deer, PA 17887**; and sent electronically to:

Alexander D. Shoaibi, Esquire
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. – Room E-4218
Washington, D.C. 20530
Counsel for Unity Health Care, Inc.

                                        /S/   Darrell Chambers
                                        DARRELL CHAMBERS

### 2007 CA 004230 B CHANDLER, SR, JOHNNY R Vs. DISTRICT OF COLUMBIA

| File Date | 06/05/2007 | Case Status | Closed | Case Status Date | 06/05/2007 |
|---|---|---|---|---|---|
| | | Case Disposition | Notice of Removal To USDC | Case Disposition Date | 11/07/2007 |

#### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CHANDLER, SR, JOHNNY R | | PLAINTIFF | PRO SE | |
| DISTRICT OF COLUMBIA | | Defendant | RICKMAN, Mr GEORGE E | (202)727-6295 |
| | | | LATTIMORE, III, Mr PHILLIP A | (202)806-6357 |
| D.C. DEPARTMENT OF CORRECTIONS | | Defendant | | |
| UNITY HEALTH CARE, INC | | Defendant | GHILADI, Ms KHATEREH S | (202)466-8960 |

#### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 87104 | 10/26/2007 | GHILADI, Ms KHATEREH S | | 20.00 |
| | Payment | | Fee | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 83182 | 09/07/2007 | GHILADI, KHATEREN S | | 20.00 |
| | Payment | | Fee | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

#### Docket Entries

| Date | Text |
|---|---|
| 11/13/2007 | Notice of Hearing Mailed Next Business Day Notice Of Removal Sent on: 11/13/2007 11:08:51 |
| 11/07/2007 | Event Resulted: The following event: Status Hearing scheduled for 11/30/2007 at 10:30 am has been resulted as follows: Result: Event Not Held Case Dismissed Judge: BECK, RONNA L Location: Courtroom 518 |
| 11/07/2007 | Notice of Removal to USDC for The District of Columbia # 07CV2010 |
| 11/07/2007 | Additional eFiling Document to Notice of Filing Notice of Removal of a Civil Action Filed. Submitted 11/07/2007 17:13 jhc. Attorney: WALKER, JEFFREY K (489610) Attorney: CONTRERAS, Mr RUDOLPH (434122) Attorney: SHOAIBI, Mr ALEXANDER D (423587) |
| 11/07/2007 | Notice of Filing Notice of Removal of a Civil Action Filed. Submitted 11/07/2007 17:13 jhc. Attorney: WALKER, JEFFREY K (489610) Attorney: CONTRERAS, Mr RUDOLPH (434122) Attorney: SHOAIBI, Mr ALEXANDER D (423587) |
| 11/02/2007 | Event Scheduled Event: Status Hearing Date: 11/30/2007 Time: 10:30 am Judge: BECK, RONNA L Location: Courtroom 518 Result: Event Not Held Case Dismissed |

| Date | Entry |
|---|---|
| 11/02/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 11/02/2007 16:50:49 |
| 11/02/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 11/02/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Rickman and Atty Savey present. Pro se plaintiff is incarcerated and participated via telephone. Deft Unity Health Care Inc. has filed a Motion for Removal to U. S. District Court. Further Status Hearing is set for November 30, 2007 at 10:30 a.m. Any Motions for Default filed by plaintiff are denied. JUDGE BECK / mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 10/31/2007 | The Defendant District of Columbia's Answer to Plaintiff's Amended Complaint Filed. Submitted 10/31/2007 18:19. ajm Attorney: RICKMAN, Mr GEORGE E (433298) DISTRICT OF COLUMBIA (Defendant); |
| 10/15/2007 | Motion for Extension of Time to File an Answer or Other Responsive Pleading and Memorandum In Support Filed. submitted 10/15/2007 15:49.dcm. (FILING ACCEPTED THIS DATE DUE TO SYSTEM ERROR).dcm. Attorney: GHILADI, Ms KHATEREH S (435484) UNITY HEALTH CARE, INC (Defendant); Receipt: 87104 Date: 10/26/2007 |
| 10/02/2007 | Praecipe Noting That the District Will not Waive Proper Service Filed. Submitted 10/02/2007 16:31 jhc. Attorney: RICKMAN, Mr GEORGE E (433298) Attorney: LATTIMORE III, Mr PHILLIP A (422968) DISTRICT OF COLUMBIA (Defendant); |
| 10/02/2007 | Order denying plaintiff's motion for a temporary restraining order and granting defendant 's motion for an extension of time to file an answer entered on: 9/20/07 Mailed to: Johnny Ray Chandler, Sr. Returned to Court on: 10/02/07 Reason: return to sender |
| 10/01/2007 | Praecipe to Change Address Filed JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 10/01/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 11/02/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 Result: Status Conference Held Result: Scheduling Conference Hearing Not Held |
| 10/01/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 10/01/2007 11:53:50 |
| 09/28/2007 | Oral Order: Defendants District of Columbia and Unity Health Care are to file an answer to the complaint by October 15, 2007 per oral ruling in open court on 09/28/07. JUDGE BECK / mr |
| 09/28/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 09/28/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held (COURTROOM 518 - CourtSmart) Atty Richman and Atty Ghiladi present. Pro se plaintiff is incarcerated and participated via telephone. Deft D.C. to file a praecipe by Tuesday, October 2, 2007 stating whether process of service has been deemed served in response to the court's sending summons and complaint or whether the court has to make more formal service. Deft was advised by the court to keep chambers apprised of his address after his release in March, 2008. Both defendants to file an answer to the complaint by October 15, 2007. Scheduling Conference reset for November 2, 2007 at 9:30 a.m. JUDGE BECK /mr Judge: BECK, RONNA L Location: Courtroom 518 |
| 09/20/2007 | Proof of Service to Order Denying Plaintiff's Motion for a Temporary Restraining Order and Granting Defendant Unity Health Care's Motion for an Extension of Time to File an Answer or Other Responsive Pleading. Submitted. 09/20/2007 12:44. ncv. Signed by Judge R. Beck on 09/28/07. |
| 09/20/2007 | Order Denying Plaintiff's Motion for a Temporary Restraining Order and Granting Defendant Unity Health Care's Motion for an Extension of Time to File an Answer or Other Responsive Pleading. Submitted. 09/20/2007 12:44. ncv. Signed by Judge R. Beck on 09/28/07. |
| 09/20/2007 | Order Granting Defendant Unity Health Care's Motion to Extend Time to File an Answer or Othere Responsive Pleading, signed by J/Beck on 9/19/07; Efiled, Counsel Eserved, and Docketed on 9/20/07. Copy mailed from chambers on 9/20/07 to pro se plaintiff. Note: this Order embodied in and imaged to a docket entry of the same date, titled "Order Denying Plaintiff's Motion for Temporary Restraining (titled in his filing as a Motion to Amend Complaint) and Granting Defendant Unity Health Care's Motion for an Extension of Time to File an Answer or Other Responsive Pleading". - sbg |
| 09/20/2007 | Order Denying Plaintiff's Motion for Temporary Restraining (titled in Plaintiff's filing as a Motion to Amend Complaint) and Granting Defendant Unity Health Care's Motion for an Extension of Time to File an Answer or Other Responsive Pleading, signed by J/Beck on 9/19/07; Efiled, Counsel Eserved, and Order Entered on the Docket on 9/20/07. Copy |

| Date | Entry |
|---|---|
| | mailed from chambers on 9/20/07 to pro se plaintiff. sbg |
| 09/06/2007 | Letter entered on: Mailed to: Johnny Ray Chandler Returned to Court on: 9-6-07 Reason: Return To Sender |
| 09/06/2007 | Motion for Extension of Time to file an Answer or Other Responsive Pleading and Memorandum in Support. Filed. Submitted. 09/06/2007 12:07. ncv. Attorney: GHILADI, Ms KHATEREH S (435484) UNITY HEALTH CARE, INC (Defendant); Receipt: 83182 Date: 09/07/2007 |
| 09/06/2007 | Praecipe to Enter Appearance Kathy S. Ghiladi as Counsel for the Defendant Unity Health Care, Inc. Filed. Submitted. 09/06/2007 11:55. ncv. Attorney: GHILADI, Ms KHATEREH S (435484) UNITY HEALTH CARE, INC (Defendant); |
| 08/16/2007 | Motion to Amend Complaint Filed Attorney: PRO SE (999999) JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 08/09/2007 | Issue Date: 08/09/2007 Service: Summons Issued Method: Service Issued Cost Per: $ UNITY HEALTH CARE, INC 3020 14th Street NW ste 401 WASHINGTON, DC 20009 Tracking No: 5000035327 |
| 08/07/2007 | Alias Summons Issued on Unity Health Care, Inc |
| 08/07/2007 | Alias Summons Issued on District of Columbia |
| 08/07/2007 | Order Granting Plaintiff's Motion to Amend his Complaint to Include Unity Health Care, Inc. as a Party Defendant, signed by J/Beck on 8/7/07; Docketed on 8/7/07; copies mailed from chambers on 8/7/07. sbg |
| 07/24/2007 | Motion To Amend The Complaint And Supplement The Pleadings Filed: Attorney: PRO SE (999999) JOHNNY RAY CHANDLER Sr (PLAINTIFF) |
| 06/22/2007 | Issue Date: 06/22/2007 Service: Summons Issued Method: Service Issued Cost Per: $ DISTRICT OF COLUMBIA 1350 PENNSYLVANIA AVENUE NW WASHINGTON, DC 20004 Tracking No: 5000033272 D.C. DEPARTMENT OF CORRECTIONS 1923 Vermont Avenue NW Washington, DC 20011 Tracking No: 5000033273 |
| 06/21/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant District of Columbia by the Clerk Pursuant to SCR 54-II this date: June 21, 2007 JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 06/21/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant The D.C. Department of Corrections by the Clerk Pursuant to SCR 54-II this date: June 21, 2007. JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 06/21/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant District of Columbia by the Clerk Pursuant to SCR 54-II this date: June 21, 2007. JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 06/05/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Mary Abrecht May 16, 2007. Received in the Civil Clerk's Office on June 5, 2007. |
| 06/05/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) JOHNNY RAY CHANDLER Sr (PLAINTIFF); |
| 06/05/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 09/28/2007 Time: 9:30 am Judge: BECK, RONNA L Location: Courtroom 518 Result: Scheduling Conference Hearing Not Held |
| 06/05/2007 | Complaint for Negligence Filed |

DEFENDANT'S EXHIBIT #2

cv-02010-PLF    Document 14-2    Filed 03/18/2008    Page 4 of 8

Filed
D.C. Superior Court
07 Oct 31 P06:19
Clerk of Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

-CIVIL DIVISION-

| | |
|---|---|
| JOHNNY RAY CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 07-4230 | |
| v. ) Calendar 8: Judge Beck | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

THE DEFENDAT DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

FIRST DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

SECOND DEFENSE

The defendant District of Columbia ("District"), hereby responds to plaintiff's complaint as follows:

1. The District is without sufficient information to either admit or deny the allegations as stated in the complaint. To the extent any response is required, the District denies the allegations.

Further answering, the District hereby denies all allegations of wrongful conduct not specifically admitted to or otherwise answered.

THIRD DEFENSE

The actions of these defendants were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

FOURTH DEFENSE

The actions of these defendants complied with all applicable laws and met or exceeded all applicable standards of care.

## FIFTH DEFENSE

If plaintiff was injured as alleged in the amended complaint, such injuries were the result of the criminal acts of third persons and not this Defendant.

## SIXTH DEFENSE

If plaintiff was injured as alleged in the amended complaint, such injuries were the result of her sole or contributory negligence and/or assumption of the risk.

## SEVENTH DEFENSE

Plaintiff may have failed to mitigate damages.

## EIGHTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## NINTH DEFENSE

These defendants deny all allegations of wrongdoing, including, but not limited to, violations of common law, statutory and operational standards, negligence and deliberate indifference.

## TENTH DEFENSE

The District claims a set-off for any and all funds paid to the plaintiff by Medicaid or any other form of public assistance or aid as a result of this alleged incident.

## JURY DEMAND

These defendants demand a jury trial on all issues so triable.

WHEREFORE, having fully answered, these defendants request that Plaintiff's amended complaint be dismissed with prejudice, with costs awarded. FURTHER, these defendants reserve the right to amend this answer pursuant to SCR-Civil 15.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General
        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, D.C.
        Civil Litigation Division

        /s/ Phillip A. Lattimore, III
        PHILLIP A. LATTIMORE, III.
        Chief, General Litigation Section III
        Civil Litigation Division

        /s/ George Rickman
        GEORGE E. RICKMAN #433298
        Assistant Attorney General, D.C.
        General Litigation Section IV
        Civil Litigation Division
        441 Fourth Street, Sixth Floor North
        Washington, D.C. 20001
        202-442-9840; 202-727-6295

## CERTIFICATE OF SERVICE

I do hereby certify that on this 31st day of October a copy of this answer to plaintiff's complaint was mailed first class postage pre-paid to:

Johnny Ray Chandler
11977-007
FP Allenwood
P.O. Box 3000
White Deer, PA 17887

        /s/George E. Rickman
        Assistant Attorney General, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
JOHNNY RAY CHANDLER, SR.,     )
                              )
        Plaintiff,            )
                              )
        v.                    )   Civil Action No. 05-1895 (RWR)
                              )
UNITED STATES OF              )
AMERICA, et al.               )
                              )
        Defendant.            )
_____)
```

### ORDER

On March 10, 1995, Johnny Ray Chandler was found to be a prolific filer and was enjoined from filing further civil actions with this court without first obtaining leave to file from the court. Chandler v. D.C. Dep't of Corr., Civil Action No. 95-2366 (GK) (D.D.C. Mar. 10, 1995) (order enjoining plaintiff). "In seeking leave to file, Plaintiff must certify that his claims have never been raised and disposed of on the merits. He must also certify that the claims are not frivolous or harassing." Id.

In filing his most recent complaint, which alleges violations of 42 U.S.C. § 1983 by the United States and the United States Department of Education, the defendant failed to seek leave of the court, failed to certify that his claims have never before been raised and disposed of, and failed to certify

- 2 -

that his claims are not frivolous and harassing.  Accordingly it is hereby

    ORDERED that this case be, and hereby is, DISMISSED for failure to comply with the court's injunction of March 10, 1995.

    SIGNED this 6th day of October, 2005.

                                                _____/s/_____
                                                RICHARD W. ROBERTS
                                                United States District Judge

- 2 -

that his claims are not frivolous and harassing.  Accordingly it is hereby

    ORDERED that this case be, and hereby is, DISMISSED for failure to comply with the court's injunction of March 10, 1995.

    SIGNED this 6th day of October, 2005.

Memorandum

To: Ms. Nancy Mayer Whittington, Clerk
United States District Court, for the
District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

From: Johnny Roy Chandler, Sr.
Reg. No. 11977-007
U.S.P. Allenwood
P.O. Box 3000
White Deer, Pa. 17887

Subject: Request for entry of Default

RE: Chandler V. District of Columbia, et al.,
Civil Action No. 07-CV-02010 (P.L.F.)

Date: February 6, 2008


Dear Ms. Whittington,

This Memorandum is being written and sent to you in accordance with Rule 55 of the Fed. R. Civ. Pro.

The above Claim was initially filed in the Superior Court of the District of Columbia. This complaint wa

assigned to Judge Ronna Lee Beck. On September 14, 2007, Judge Beck issued an Order to the District of Columbia, (Defendant), To file it's answer or responsive pleading prior to the initial Scheduling Conference of September 18, 2007. (See Exhibit A)

To this day, the District of Columbia has not responded to the Complaint.

Wherefore, pursuant to Rule 55 and in the interest of Justice, I respectfully Request that you enter the Defendant's Default.

Sincerely,

Johnny Ray Chandler,

CC; Enclosed