UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHNNY RAY CHANDLER, SR.,           )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 07-2010 (PLF)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
       Defendants.                  )
_____)

MEMORANDUM OPINION

This matter is before the Court on (1) the motion of the United States to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, (2) plaintiff's motion for the entry of default against defendant the District of Columbia pursuant to Rule 55 of the Federal Rules of Civil Procedure, (3) the District of Columbia's request for the sanction of dismissal, and (4) various miscellaneous motions filed by the plaintiff.[1] Upon consideration of the parties' papers and the entire record in this case, the Court will grant the United States' motion to dismiss; deny plaintiff's motion for entry of default against the District of Columbia and all of plaintiff's other pending motions; and deny the District of Columbia's request for the sanction of dismissal.

---

[1] The papers submitted in connection with this matter include: United States' Motion to Dismiss ("U.S. Mot."); Plaintiff's Motion for Default Failure to Respond ("Default Mot."); the District of Columbia's Memorandum in Opposition to Plaintiff's Motion for Default for Failure to Respond ("Default Opp."); Plaintiff's Rebuttal to the Defendants' Opposition to Plaintiff's Motion for Default for Failure to Respond ("Default Reply"); the District of Columbia's Motion to Vacate Default and Request for Sanctions ("Vacate Mot."); Plaintiff's Motion to Amend the Complaint and Supplement the Pleadings ("First Amend. Mot."); and Plaintiff's Motion to Amend the Complaint ("Second Amend. Mot.").

I.  BACKGROUND AND PROCEDURAL POSTURE

In 2006, *pro se* plaintiff Johnny Ray Chandler, Sr. was housed at the District of Columbia Department of Corrections Central Detention Facility ("D.C. Jail").  He alleges that on October 5, 2006 he fell while attempting to climb into the top bunk bed in his cell, thereby injuring his neck and lower back.  See Notice of Removal of a Civil Action, Ex. A, Complaint at 1-2 (June 5, 2007).  On June 5, 2007, Mr. Chandler initiated this action by filing suit in the Superior Court of the District of Columbia.  In his original complaint, he attributed his injuries to the District of Columbia's failure to install ladders on its bunk beds and charged the District with "the tort of negligence and personal injury." Id. at 1.  Mr. Chandler subsequently moved for entry of default against the District of Columbia on the ground that the District failed to file an answer to his complaint.  The District of Columbia opposed that motion and (in a separate motion) asked the Court to dismiss Mr. Chandler's complaint as a sanction for submitting a misleading affidavit in support of his motion for entry of default.  The District of Columbia has yet to file any other motion seeking dispositive relief.

Soon after he initiated his suit against the District, Mr. Chandler amended his complaint to add Unity Health Care, Inc. ("Unity") as a defendant.  It appears that Mr. Chandler was examined and treated by Unity after his fall at the D.C. Jail.  At that time, says Mr. Chandler, Unity negligently failed to provide him with pain medication. See U.S. Mot., Ex. B, Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Amend the Complaint and Supplement the Pleadings at 1 ("I was not given any medication for pain. . . . Therefore, the staff of Unity Health Care were negligent in treating my injuries.").

When Mr. Chandler added Unity as a defendant, Unity was a grantee of the United States Department of Health and Human Services ("HHS") and was considered a federally supported health center. See U.S. Mot., Ex. D., Letter from A. Michelle Snyder to Vincent Keane, Executive Director of Unity Health Care, Inc. (Dec. 19, 2005). Thus, "[b]y operation of [the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n)], Unity [was] deemed to be an employee of the United States . . . for purposes of [medical malpractice] liability." U.S. Mot. at 1 n.1. This means that Mr. Chandler's claim against Unity is a claim against the United States subject to the strictures of the Federal Tort Claims Act. See id. Accordingly, on November 6, 2007, the United States (1) substituted itself for Unity as a defendant in this case, and (2) removed this action from the Superior Court pursuant to 28 U.S.C. §§ 2679(d)(1) and (2). See id. The United States then moved to dismiss Mr. Chandler's complaint for lack of subject matter jurisdiction, arguing that this Court lacks jurisdiction over Mr. Chandler's tort claims against the United States because Mr. Chandler failed to exhaust his administrative remedies before filing suit.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. They may hear only those cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Loughlin v. United States, 393 F.3d 155, 170 (D.C. Cir. 2004); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). Although *pro se* complaints are held to a less stringent pleading standard than complaints drafted by attorneys, see

Wright v. Foreign Service Grievance Board, Civil Action No. 06-0526, 2007 WL 2219317, at *4 (D.D.C. Aug. 3, 2007), all plaintiffs bear the burden of establishing subject matter jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). A court must accept all of the factual allegations in the complaint as true when evaluating a motion to dismiss for lack of subject matter jurisdiction, see United States v. Gaubert, 499 U.S. 315, 327 (1991), but in some circumstances it may also consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III.  DISCUSSION

*A.  United States' Motion to Dismiss*

The United States moved to dismiss Mr. Chandler's complaint on December 14, 2007. Mr. Chandler did not respond to this motion. Thus, on August 5, 2008, this Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), advising Mr. Chandler of the consequences of failing to respond to a dispositive motion. A copy of that Order was mailed to Mr. Chandler at the address on file with the Court. It was later returned as undeliverable. The Court thereafter discovered that Mr. Chandler was housed at a different facility. Thus, on August 25, 2008, the Court issued an identical Order advising Mr. Chandler of the consequences of failing to respond to the United States' motion. A copy of that Order – which instructed Mr. Chandler to respond to the United States' motion by September 9, 2008 – was mailed to Mr. Chandler's new address. Mr. Chandler's copy of the August 25, 2008 Order has not been returned, and Mr. Chandler has failed to file an opposition to the United States' motion.

1.  Dismissal for Failure to Respond

As this Court advised Mr. Chandler in its August 25, 2008 Order, see Chandler v. District of Columbia, Civil Action No. 07-2010, Order at 1 (D.D.C. Aug. 25, 2008) (citing Fox v. Strickland, 837 F.2d at 509), failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  The United States' motion to dismiss has been pending before this Court for many months.  Mr. Chandler – normally a prolific filer – has failed to oppose it.  The Court therefore will grant the United States' motion and dismiss all of Mr. Chandler's claims against the United States.

2.  Dismissal for Lack of Subject Matter Jurisdiction

Even if Mr. Chandler had responded to the United States' motion, dismissal of his claims would have been proper.  Again, Mr. Chandler's claims against Unity must be treated as tort claims against the United States.  Such claims are barred by the United States' sovereign immunity unless plaintiffs first exhaust their administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA").  See McNeil v. United States, 508 U.S. 106, 113 (1993); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing Odin v. United States, 656 F.2d 798, 802 (D.C. Cir. 1981)); GAF Corp. v. United States, 818 F.2d 901, 919-20 (D.C. Cir. 1981).  Pursuant to the FTCA, Mr. Chandler was required to submit an administrative claim to the proper agency – in this case, HHS – before filing his suit.  See 28 U.S.C. § 2675(a).  He failed to do so.  See U.S. Mot., Ex. D, Declaration of Meredith Torres Bruckheim ¶ 4 (Oct. 10, 2007).  Thus, this Court lacks jurisdiction over all claims based on Unity's alleged medical malpractice.

*B. Mr. Chandler's Motion for Entry of Default and the District's Motion for Sanctions*

On January 18, 2008, Mr. Chandler filed a motion for entry of default against the District of Columbia on the ground that the District had failed to submit an answer to Mr. Chandler's complaint. The District opposed that motion on February 5, 2008. On March 7, 2008, the Clerk's Office erroneously entered default against the District. The Court corrected this error *sua sponte*, but the District nevertheless moved to vacate the entry of default on March 18, 2008. In that motion, the District also asks the Court to dismiss Mr. Chandler's claims against the District of Columbia. See Vacate Mot. at 3.[2] According to the District, the Court should dismiss Mr. Chandler's claims as a sanction for Mr. Chandler's "false and misleading" representation, in his affidavit supporting his motion for entry of default, that the District had failed to submit an answer to Mr. Chandler's complaint when in fact the District *had* submitted an answer to his complaint. See id. at 4.

This circuit disfavors default judgments. See, e.g., Scimed Life Systems, Inc. v. Medtronic Ave Inc., 297 F. Supp. 2d 4, 9 (D.D.C. 2003). Upon a careful review of the record in this case – both in the Superior Court and in this Court – it is apparent that entry of default against the District is inappropriate. As the District has explained:

> Judge Beck [of the Superior Court] ordered that the District file an answer by October 15, 2007. Counsel for the District filed a motion to enlarge the time to file an answer on October 15, 2007 and filed an answer to the amended [complaint] on October 31, 2007. . . . At the subsequent scheduling conference on November 2, 2007 Judge Beck ruled that "any motions for default filed [by] Plaintiff are denied."

---

[2] In addition, the District asks the Court to require Mr. Chandler to pay the attorneys' fees it incurred "respond[ing] to the Default after Plaintiff filed a false affidavit to secure the Default." Vacate Mot. at 8. The Court declines to do so.

Default Opp. at 1 (citing to the record in the Superior Court and attaching exhibits in support).  In other words, Mr. Chandler is incorrect when he states that the District has failed to respond to his complaint; the District responded to his amended complaint on October 31, 2007.  The Court therefore will deny his motion for entry of default, and deny as moot the District's motion to vacate entry of default.

The Court will not, however, dismiss Mr. Chandler's claims against the District of Columbia.  The District characterizes Mr. Chandler's argument in support of the entry of default as "disingenuous and misleading" because Mr. Chandler incorrectly asserts that the District has failed to answer his complaint.  Default Opp. at 2.  It is not clear to this Court, however, that Mr. Chandler made this argument in bad faith.  It may be that Mr. Chandler simply misunderstands the applicable procedural rules and believes that the District is in default because the District answered his amended complaint but failed to submit a separate answer to his initial complaint.  See Default Reply at 3.  The ultimate sanction of dismissal is too drastic here.

*C.  Mr. Chandler's Miscellaneous Motions*

Finally, Mr. Chandler has submitted two motions to amend his complaint and supplement the pleadings.[3]  These need not detain the Court long.  First, Mr. Chandler has moved to amend his complaint to add a claim against Magistrate Judge Fredrick Sullivan of the Superior Court of the District of Columbia.  Specifically, Mr. Chandler seeks to add a claim under 42

---

[3] Mr. Chandler has also submitted a motion seeking an extension of time to "May 24, 2008 to respond to the defendants pending motion."  Plaintiff's Request for an Extension of Time at 1.  Mr. Chandler does not indicate which motion – or which defendant – this motion refers to.  In any event, as May 24, 2008 has passed, the Court will assume that this motion is moot and deny it as such.

U.S.C. § 1983, arguing that the magistrate judge violated his rights under the First Amendment and the Fourteenth Amendment to the United States Constitution by denying his request to proceed *in forma pauperis*. Mr. Chandler seeks declaratory relief and damages in the amount of $275,000.000. The Court will deny this motion on two grounds. To begin with, the claim Mr. Chandler seeks to add bears no relationship to this case; it relates to an entirely separate case which Mr. Chandler sought to file in small claims court. See generally First Amend. Mot. In addition, even if this claim did bear some relationship to this case, it would be futile to add it. See James Madison, Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (district courts may deny a motion to amend if the proposed claim would not survive a motion to dismiss). "It is well-established that judges enjoy immunity from liability for damages for acts committed within their judicial jurisdiction." Chisum v. Colvin, 276 F. Supp. 2d 1, 3 (D.D.C. 2003). Mr. Chandler does not (and could not) allege that the magistrate judge exceeded his jurisdiction. Mr. Chandler therefore could not prevail on this claim.

      Second, Mr. Chandler has moved to amend his complaint to add claims against the United States Bureau of Prisons, a "Mr. R. Martinez" (apparently the warden at the federal penitentiary in Pennsylvania where Mr. Chandler was housed when he filed this motion), and a "Ms. Mudge of the Safety Dept." Second Amend. Mot. at 2, 3. Mr. Chandler claims that the federal penitentiary in Pennsylvania – like the D.C. Jail – lacks bunk bed ladders and that Mr. Chandler sustained a fall as a result. He seeks monetary and injunctive relief for this facility's alleged "negligence and un-safe housing." Id. at 2. The Court will deny this motion as well. Where, as here, "matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the

8

dispute between the parties, refusal to allow the supplemental pleading is entirely justified." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1506 at 197 (2d ed. 1990).  The Court therefore will deny Mr. Chandler's motion to add these new parties and new claims to this case.

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant the United States' motion to dismiss.  The Court will also deny Mr. Chandler's motion for entry of default against the District of Columbia and deny all of Mr. Chandler's other pending motions.  Finally, the Court will not dismiss Mr. Chandler's claims against the District of Columbia as a sanction for misleading the Court.  An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 25, 2008